```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|                                          |   |                                    |
|------------------------------------------|---|------------------------------------|
| THOMAS FARANO,                           | : | CIVIL ACTION NO. 06-3389 (MLC)     |
|         Plaintiff,                       | : | **MEMORANDUM OPINION**             |
|         v.                               | : |                                    |
| ASSURED SOLUTIONS INTERNATIONAL, LLC, et al., | : |                                    |
|         Defendants.                      | : |                                    |

**THE COURT** ordering the plaintiff to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 2); and the plaintiff bringing this action (1) on July 26, 2006, (2) to recover damages for, inter alia, fraud, and (3) against the defendants, Assured Solutions International, LLC ("ASLLC"), Kenneth R. Morris, Peter Lombardi, Sal Imparato, Anthony LaMarca, and Norma Lara; and the plaintiff (1) asserting jurisdiction under Section 1332 only (Compl., at 1), and (2) bearing the burden of demonstrating jurisdiction, see McCracken v. Murphy, 129 Fed.Appx. 701, 702 (3d Cir. 2005), see also Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and

**THE PLAINTIFF** alleging — without more — that ASLLC "is a Nevada limited liability company" (Compl., at ¶ 4); but it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or

have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990), Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer); and the plaintiff failing to name, and allege the citizenship of, each member of ASLLC; and

**IT APPEARING FURTHER** that the plaintiff failed to allege the citizenship of himself, Morris, Lombardi, Imparato, LaMarca, and Lara ("Individual Parties"); and it appearing that allegations as to where the Individual Parties reside, are domiciled, are licensed, or have a place of business — as opposed to are citizens — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship," Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982), see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and

**THE COMPLAINT** containing an allegation against an entity identified as "Defendant Mutual Benefit Corporation" ("MBC") (Compl., at ¶ 14); but the plaintiff failing to (1) list MBC in the caption, or (2) allege its citizenship; and

**THE COURT**, due to the plaintiff's insufficient allegations, being unable to determine if the plaintiff is a "citizen[] of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court thus advising the plaintiff of the intention to dismiss the complaint for lack of jurisdiction under Section 1332 unless the plaintiff (1) provided a list specifically naming, and alleging the citizenship of, each of ASLLC's members as of July 26, 2006, (2) alleged the citizenship of the Individual Parties as of July 26, 2006, (3) clarified whether MBC is a defendant and, if so, alleged MBC's citizenship, and (4) demonstrated jurisdiction under Section 1332 (dkt. entry no. 2); and

**THE PLAINTIFF**, in response to the Court's inquiry, (1) stating that the complaint insofar as asserted against Imparato should be dismissed "as his name was picked up in error," (2) stating that he is a New Jersey citizen, and (3) alleging that the defendant ASLLC is a Nevada citizen, as it is comprised of individual members who are Nevada citizens, Morris and Lara are Nevada citizens, and Lombardi and LaMarca are Florida citizens (Pl. Resp., at 1-3); and the plaintiff failing to address the

Court's inquiry as to whether MBC is a defendant, and the Court thus concluding that MBC is not a defendant; and

**THE PLAINTIFF**, for the purposes of the Court's inquiry, showing that there is jurisdiction under Section 1332 here; and the plaintiff also "request[ing] the opportunity to amend its [sic] pleading to include violation of a Federal Statute," i.e., federal securities laws, and thus allege jurisdiction under Section 1331 as well (id. at 3); and the Court thus intending to vacate the order to show cause, and dismiss the complaint insofar as asserted against Imparato; and the Court also intending to order the plaintiff to file an amended complaint specifically alleging (1) the citizenship of each defendant,[1] and (2) jurisdiction under Sections 1331 and 1332; and for good cause appearing, the Court will issue an appropriate order.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[1] The plaintiff, as to ASLLC, must specifically allege the name and citizenship of each member thereof in the amended complaint.